14-2841-cv
*Bodmann v. JP Morgan Chase Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> DENNY CHIN,
> *Circuit Judges.*

---

James J. Bodmann, Lucille Bodmann,

   *Plaintiffs-Appellants,*

   v.               No. 14-2841-cv

JP Morgan Chase Bank, N.A., Suntrust Mortgage, Inc.,

   *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | James J. Bodmann, Lucille Bodmann, *pro se*, Massapequa, NY. |
| **FOR DEFENDANT-APPELLEE JP MORGAN CHASE BANK, N.A.:** | Brian A. Herman, Mary Claire Dekar, Morgan, Lewis & Bockius LLP, New York, NY. |

**FOR DEFENDANT-APPELLEE**
**SUNTRUST MORTGAGE, INC.:**     Laura M. Greco, Mitra Paul Singh,
                                 McGlinchey Stafford, PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellants James J. Bodmann and Lucille Bodmann, proceeding *pro se*, appeal the District Court's dismissal of their 42 U.S.C. § 1983 complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs' favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Upon review, we conclude that the District Court properly dismissed Appellants' claims because they failed to allege either state action or a violation of their constitutional rights. We affirm for substantially the reasons stated by the District Court in its thorough July 7, 2014, memorandum and order.

We have considered all of Appellants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2